# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

FILED: **11/24/10**
U.S. DISTRICT COURT
EASTERN DISTRICT COURT
DAVID J. MALAND, CLERK

No. 1:07-cr-234

United States of America

v.

Ernest Michael Miller

                                      Defendant

**Report and Recommendation Re: Petition for Warrant
or Summons for Offender Under Supervision**

Pending is a "Petition for Warrant or Summons for Offender Under Supervision," filed October 19, 2010, alleging that defendant violated conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 23 F.3d 919, 920 n.1 (5th Cir. 1994); see also 18 U.S.C. § 3401(i) (2000); Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I. The Original Conviction and Sentence

Defendant was sentenced on November 17, 2008, before The Honorable Ron Clark , U.S. District Judge of the Eastern District of Texas, after pleading guilty to the offense of escape from a federal correctional institute, a Class D felony. This offense carried a statutory maximum imprisonment term of 5 years. The guideline imprisonment range, based on a total offense level of 14 and a criminal history category of VI, was 37 to 46 months. Defendant was subsequently sentenced to 22 months imprisonment followed by 3 years supervised release subject to the standard conditions of release, plus special conditions financial disclosure; drug aftercare; and a $100 special assessment.

## II. The Period of Supervision

On November 6, 2009, defendant completed his period of imprisonment and began service of the supervision term.

## III. The Petition

United States Probation filed the pending Petition for Warrant or Summons for Offender Under Supervision on October 19, 2010. The petition alleges that defendant violated the following conditions of release:

| | | |
|---|---|---|
| 1. Standard Condition: | | Defendant shall report to the probation officer as directed by the Court or probation officer. |
| 2. Standard Condition: | | Defendant shall submit a truthful and complete written report within the first five days of each month. |
| 3. Standard Condition: | | Defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer. |

| | |
|---|---|
| 4. Standard Condition: | Defendant shall notify the Probation Officer at least ten days prior to any change in residence. |
| 5. Special Condition: | Defendant shall participate in a program of testing and treatment for drug abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer. |
| 6. Standard Condition: | Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician. |
| 7. Mandatory Condition: | Defendant shall submit to one drug test within 15 days of release from imprisonment or placement on probation and at least two periodic drug tests thereafter, as directed by the probation officer. |

As grounds, the petition alleges that: 1. After attempts to reach defendant by phone, a letter was forwarded to his residence on September 2, 2010, advising him to report to the U.S. Probation Office on September 8, 2010, which he failed to do. Telephone messages were left for defendant instructing him to contact the probation office as soon as possible. On September 9, 2010, a certified letter was forwarded to defendant advising him to report to the probation office on September 20, 2010. Defendant called the probation office on September 10, 2010, at which time he was instructed to report on September 13, 2010, he stated he would, yet failed to do so; 2. Defendant failed to turn in monthly reports for the months of January, February, March, April, May, June, July, August, and September of 2010; 3. On August 23, 2010, defendant stated that

he was in the Charleston area therefore he was unable to submit to a drug screen. He later admitted he was in the area; 4. Defendant states on September 10, 2010, that he was staying "here and there" as his brother asked him to leave his residence several weeks prior. Defendant did not notify the probation officer that he no longer residing with his brother. He was also instructed on September 10, 2010, to call the probation office back with information on where he would be living but failed to do so. His current whereabouts are unknown; 5. Following a positive drug screen on August 23, 2010, Defendant was referred to Dorchester County Alcohol and Drug Commission for an assessment and placement on a random urinalysis program. He overslept through his first initial appointment on August 25, 2010. On September 1, 2010, defendant reported to the commission and blew a .066 on a breathalyzer. When confronted about his alcohol usage, defendant became loud and eventually left the premises stating "he was not going to stop drinking and was not going to come here for services."; 6. Defendant tested positive for both marijuana and cocaine on August 23, 2010; 7. On August 20, 2010, defendant was asked to provide a urine sample during a home visit. After waiting approximately one hour, the probation officer advised defendant that she would return in thirty minutes to secure the urine sample. Upon return to the residence, the probation officer was advised that defendant left the premises shortly after she departed.

## IV. Proceedings

On November 22, 2010, the undersigned United States Magistrate Judge convened a hearing pursuant to Rule 32.1, Federal Rules of Criminal Procedure, to hear evidence and argument on whether defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the government and the defendant announced an agreement as to a recommended disposition. Defendant agreed to plead "true" to the allegation that he violated a standard condition of supervised release by failing to refrain from the purchase, possession, use, distribution, or administration of any controlled substance. In exchange for defendant's plea of "true," the government agreed to decline to proceed with remaining alleged violations of supervised release conditions. Further, the parties agreed the court should revoke defendant's supervised release and impose 12 months and 1 day of imprisonment, with no term of supervised release thereafter.

At the revocation hearing, defendant pled "true" to the allegation that he violated a standard condition of supervised release by failing to refrain from the purchase, possession, use, distribution, or administration of any controlled substance.

### V. Principles of Analysis

According to Title 18 U.S.C. § 3583(e)(3), the Court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the Court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release. The original offense of conviction was a Class D felony; therefore, the maximum term of imprisonment authorized under 18 U.S.C. § 3583(e)(3) is 2 years.

According to U.S.S.G. § 7B1.1(a), if the court finds by a preponderance of the evidence that defendant violated a mandatory condition of supervised release by failing to refrain from th purchase, possession, use, distribution, or administration of any controlled substance, defendant will be guilty of committing a Grade C violation.  U.S.S.G. § 7B1.3(a)(2) indicates upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.  U.S.S.G. § 7B1.4(a) provides that in defendant's case a revocation of supervised release based on a Grade C violation and a criminal history category of VI, the guideline imprisonment range is 8 to 14 months.

18 U.S.C. §§ 3583(e) and 3553(a) provide that in determining sentence, the court shall consider:

1.  The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2.  The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3.  Applicable guidelines and policy statement issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4.  Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; see 18 U.S.C. § 3553(A)(6).

## VI. Application

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a).

### Findings:

Defendant pled "true" to the allegation that he violated a mandatory condition of supervised release by failing to refrain from the purchase, possession, use, distribution, or administration of any controlled substance. Based upon defendant's plea of "true" to the allegations and U.S.S.G. § 7B1.1(a), the undersigned finds that defendant violated conditions of supervised release by testing positive for both marijuana and cocaine on August 23, 2010.

### Conclusions and Justification:

Defendant's violation is a Grade C violation, and defendant's criminal history category is VI. Policy guidelines suggest 8 to 14 months imprisonment upon revocation. Defendant has demonstrated inability to adhere to conditions of supervision. Defendant did not comply with conditions of his supervision by failing to refrain from the purchase, possession, use, distribution, or administration of any controlled substance. As such, incarceration appropriately addresses defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation will best be served by a term of incarceration.

## RECOMMENDATIONS

1. The court should find that defendant violated a standard condition of supervised release, by failing to refrain from the purchase, possession, use, distribution, or administration of

any controlled substance, in the manner alleged in the petition.

2. The petition should be granted and defendant's supervised release revoked pursuant to 18 U.S.C. § 3565.

3. Defendant should be sentenced to a term of imprisonment of 12 months and 1 day.

4. Upon release of imprisonment, defendant should not be placed on supervised release.

5. The court should recommend that defendant be incarcerated in the Williamsburg, South Carolina Federal Correctional Institution of the Federal Bureau of Prisons if deemed appropriate by the Bureau of Prisons.

## OBJECTIONS

At the close of the revocation hearing, defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein, and consenting to the imposition of the above sentence recommended in this report. Defendant waived his right to be present and speak before the district judge imposes the recommended sentence. Therefore, the court may act on the report and recommendation immediately.

SIGNED this __24__ day of November, 2010.

_____
Earl S. Hines
United States Magistrate Judge